# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER A. ROSALES, | ) |
| Plaintiff, | ) ) ) |
| | ) Civil Action No. 2:14-cv-00276 |
| v. | ) |
| | ) U.S. District Judge Mark R. Hornak |
| BAC HOME LOAN SERVICING, L.P. F/K/A COUNTRYWIDE HOME LOAN SERVICING L.P., | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

This case, originally filed in state court in Westmoreland County, Pennsylvania and removed to this Court, ECF No. 1, is noteworthy for the Plaintiff's and her counsel's inattention to it.

While in state court, Plaintiff failed to serve her original process or file her Complaint in a timely fashion, a judgment was then entered against her as a result, and that judgment was later lifted by state court order. ECF No. 1 at 1-2 at 22, 27-30, ECF No. 3. When service occurred, the case was removed to this Court. ECF No. 1. This Court directed that Plaintiff's counsel become a registered user of the Court's electronic docketing system twice, which Orders have been ignored. Text Orders of March 5 and May 30, 2014. The Defendants moved on March 13, 2014 to dismiss the seven (7) count Complaint, ECF No. 7, which appears to challenge a state court mortgage foreclosure proceeding. The Court's Order on Motion Practice, which requires a response to such a motion within fourteen (14) days was entered, ECF No. 5 (March 5, 2014) and has also been ignored. Because the Plaintiff's response to that Motion to Dismiss was nearly

seven (7) weeks overdue, the Court issued a rule to show cause upon the Plaintiff and her lawyer, returnable on or before June 13, 2014, and directed counsel for the Defendant to serve it, and file a certificate of such service upon Plaintiff's counsel. Text Order of May 30, 2014. The Defendant served it the same day (May 30, 2014) and has filed that certificate of service. ECF No. 9. To date, there has been no sign of life on the Plaintiff's side of the case. No registration by Plaintiff's counsel on the ECF docket of the Court (which would at least signal some interest in the litigation), and no response to the Motion to Dismiss.

Where, as here, the Plaintiff simply fails to proceed with her case, our Court of Appeals has noted that it is perfectly appropriate to dismiss the case for a failure to prosecute, without the "balancing" of a number of factors when dismissal is a sanction for misbehavior. *See Abulkhair v. New Century Financial Services, Inc.*, 467 Fed. App'x. 151, 152 (3d Cir. 2012), referencing *Poulis v. State Farm Fire & Cas. Co.*, 747 F. 2d 863, 868 (3d Cir. 1986). Even when such *Poulis* factors are considered, there is no "magic formula" for their consideration, and not all must be satisfied for dismissal. *Bailey v. Sec'y of Veterans Administration*, 535 Fed. App'x. 93, 94 (3d Cir. 2013).

Here, the issue is not so much punishing or "sanctioning" the Plaintiff for bad conduct, although that surely appears to be warranted. Instead, the point is that the Plaintiff has been given plenty of opportunities to tell the Court that she remains interested in pursuing her case, by among other things responding to the Motion to dismiss it. She and her lawyer have done nothing in response to the Court's Orders, or to demonstrate in any way whatsoever that she has any interest in proceeding. *See Abulkhair,* 467 Fed. App'x. at 152.

Even if the *Poulis* factors are considered, they weigh in favor of dismissal. As to the first factor, because the Plaintiff and her lawyer refuse to communicate with the Court or to otherwise

2

show any interest in the case, it is hard to tell what combination of the Plaintiff and her lawyer is the cause of this "radio silence" on their part, but real it is.

As to prejudice to the Defendants, they did timely remove the case to this Court, and have been attentive to it, filing the Motion to Dismiss promptly, demonstrating a legitimate interest in the case's disposition, and they and the Court have now waited several months for any activity from the Plaintiff. Defendants have a legitimate interest in the "speedy" disposition of the action, Fed. R. Civ. P. 1, and are prejudiced when the Plaintiff's inattentiveness gets in the way of that.[1]

As noted, the papers filed upon removal and thereafter demonstrate that the Plaintiff was equally inattentive when the case was in state court, so there is a demonstrated history of dilatoriness on her part. The state court writ of summons was issued and then had to be reissued in that case, the Plaintiff was "ruled" under state law to file her Complaint in that Court, the case was then *nolle prossed* for her failure to proceed as required, and then that judgment of non-pros had to be opened by the state court. ECF No. 3-6. This is not the first time in the case that the Plaintiff has failed to pay attention to the rules of procedure or the progress of her civil action. She has ignored her litigation obligations in a serial fashion.

As to the scienter of the Plaintiff and/or her lawyer, that is a tough call, but given the repeated notices from this Court to the Plaintiff's counsel, one or the other or both of them have apparently decided to pay little mind to the disposition of Plaintiff's case, or this Court's directives. The repetitive nature of that behavior makes it highly unlikely that it is an accident.

As to alternatives, there really is no other action for the Court to take now, other than the Court perhaps wading through all seven (7) counts of the Plaintiff's Complaint in response to the

---

[1] For the reasons stated in this Memorandum Opinion, the Court also concludes that the result here is "just" as that term is used in Rule 1.

Motion to Dismiss[2] to see if any of them have possible merit, but that is an effort that even the Plaintiff does not seem very interested in occurring, given her lack of response to the Motion to Dismiss. Further, doing so would really diminish the obligations created by the Court's repetitive efforts to have the Plaintiff and her lawyer participate in her own case. Also, it would be a diversion of judicial resources from those other civil actions on the docket in which the parties are actually engaged in the litigation process.

Next, the claims in sum and substance all seem aimed at re-litigating the merits of a state court foreclosure that occurred in 2010, and issues Plaintiff says relate to the mortgage underlying that matter issued in 2006. Lastly, the conduct of the Plaintiff and her counsel demonstrate that it would be pointless to set any sort of hearing on this matter, as that would simply be yet another federal court order and proceeding to be ignored.[3]

For the above reasons, the Court concludes that the proper course is to dismiss the case for lack of prosecution, not so much as to punish or "sanction" the Plaintiff and her lawyer, but to reflect the reality that they are not interested in pursuing their case.[4] It would have been most appropriate for them to just state that on the record, and end any uncertainty about where things

---

[2] Defendant argues that Count I (Real Estate Settlement Procedures Act, or RESPA, is facially time-barred; that Count II, fraud, is both time-barred and not pled with specificity; that Count III, filed under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, or UTPCPL, fails to allege a claim for relief; that Count IV, filed under the Fair Debt Collection Practices Act, or FDCPA, must be dismissed because the Defendant is not a debt collector; that Count V, putatively for "wrongful mortgage foreclosure" asserts something that is simply not a cause of action under Pennsylvania law; that Count VI, under the Truth in Lending Act or TILA is facially time-barred and fails to state a claim, and finally, that Count VII for breach of contract-covenant of good faith and fair dealing fails to state a claim, and is internally inconsistent because Plaintiff at one point says that there was a contract to be breached and at another disclaims the existence of any such contract. See ECF No. 8.

[3] Unlike the situation in *Poulis,* this matter does not involve the failure to participate in the litigation processes internally attendant to the disposition of the case, or its pursuit, namely providing discovery responses. Here, the Plaintiff and her lawyer are not engaging in the prosecution of the case itself, in that counsel has failed to register on the Court's ECF docket, and more importantly, Plaintiff has not opposed the Motion to Dismiss in the more than ninety (90) days that it has been pending, and having been warned that the failure to do so could result in the dismissal of the action.

[4] In the most recent "show cause" Order dated May 30, 2014, the Court also advised the parties that a failure of the Plaintiff to respond to the rule to show cause would be treated by the Court as the Plaintiff's consenting to the grant of the Motion to Dismiss.

stand. They have elected not to do so, which is highly discourteous to the remaining party and its counsel, and shows a fundamental disregard for the Orders of this Court. The Court will therefore dismiss the action pursuant to Fed. R. Civ. P. 41(b).

An appropriate Order will issue.

Mark R. Hornak
United States District Judge

Dated: June 17, 2014

cc: All counsel of record